Hon. ROUSSEAU A. BURCH,
Hon. HENRY F. MASON,
Hon. SILAS W. PORTER,
Hon. JUDSON S. WEST,  } JUSTICES.
Hon. JOHN MARSHALL,
Hon. JOHN S. DAWSON,

No. 20,407.

TOLEDO COMPUTING SCALE COMPANY, *Appellant*, v. J. B. MERCER AND C. A. MERCER, *Appellees*.

### SYLLABUS BY THE COURT.

ACTION ON SURETY BOND—*Refusal to Set Aside Verdict—Not Error.* On the facts stated it was not error to refuse to set aside a verdict and grant a new trial on the ground that plaintiff was entitled to judgment because of certain facts alleged in the petition and admissions in respect thereto in the answer.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed July 7, 1917. Affirmed.

*E. S. McAnany, M. L. Alden*, both of Kansas City, *Gardiner Lathrop, Thomas R. Morrow, S. W. Moore*, and *J. M. Fox*, all of Kansas City, Mo., for the appellant.

*James F. Getty*, of Kansas City, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The plaintiff brought this action to recover upon a surety bond signed by defendant. The jury returned a verdict for defendant. A motion for a new trial was overruled and judgment entered on the verdict, from which plaintiff appeals.

The sole question is whether a new trial should have been granted. The petition set forth a written contract between plaintiff and one W. J. Mercer, by which he was employed as a sales agent for plaintiff in certain counties in Texas, and by which it was made his duty to collect and remit to plaintiff the proceeds of the sales made by him. It alleged that his employment terminated July 1, 1910; that he failed to remit all cash received by him for plaintiff, as provided in the contract, "in that, on March 24, 1910, he sent plaintiff a personal check for $128.25, this being on account of cash received by said W. J. Mercer for plaintiff, which check was dishonored and not paid." Thirteen other sums were alleged to have been collected by him on behalf of plaintiff which he had refused to account for. The aggregate amount of cash collections, including the $128.25 item, was alleged to be $585. The petition also charged that he received a number of scales, the value of which was $471, and had failed to account for or deliver these to the plaintiff, and prayed for judgment for the sum of $1000, the amount named in the bond.

The evidence at the trial was not preserved and is not before us. The appellant's contention is that upon the allegations of the petition and an admission contained in defendant's answer it is entitled to a judgment for $128.25, and that it was error not to grant a new trial.

The answer contains a general denial and a special defense stated in the following language:

"That on or about March 24, 1910, the plaintiff knew and was fully aware of the fact that one W. J. Mercer, the person named and mentioned in the bond sued upon in this action, was a defaulter and had misappropriated its money in the sum of $128.25, but that said plaintiff fraudulently failed to notify this defendant, or any of the other sureties upon said bond of such fact, but that said plaintiff with full knowledge of the said action on the part of said W. J. Mercer continued said W. J. Mercer in its employment whereby he received and collected money for the said plaintiff. Said defendant further alleges that if said W. J. Mercer misappropriated any money or property of the said plaintiff as alleged in its petition, it was so misappropriated after said plaintiff was aware and had knowledge of his said misappropriation of the said sum of $128.25 on March 24, 1910."

The defendant directs attention to the contract of employment by the terms of which W. J. Mercer was appointed a salesman for plaintiff in certain prescribed territory, outside

of which, it is urged, he had no authority to act, and defendant's contention is, that in the absence of a showing that there was testimony establishing the place where the $128.25 was misappropriated and that it occurred within the specific territory where W. J. Mercer was authorized to act as salesman or collector for plaintiff, the judgment must be presumed to be correct and supported either by some testimony offered by the defendant or by the failure of plaintiff to establish that this particular sum was misappropriated within the territory mentioned in the contract.

In the opinion of the majority the contention of defendant is well founded, and it is held that the admission in the answer to the effect that on the date alleged in the petition W. J. Mercer misappropriated $128.25 cash belonging to plaintiff is not an admission that the misappropriation occurred within the territory where he was authorized to act as agent for plaintiff, or under the terms of his contract of employment, and that, in the absence of any showing as to what the evidence disclosed in respect to those essential matters, it can not be said there was error in refusing to grant a new trial.

The judgment is affirmed.

PORTER, J. (dissenting) : The general denial in the answer was a qualified one. I think the special defense that plaintiff was not entitled to recover because it had retained W. J. Mercer in its employ after it became aware of the specific misappropriation by him of plaintiff's moneys at the time and in the manner alleged in the petition amounts to an admission of the facts alleged by plaintiff in respect to this transaction, and that the legal effect of the admission is to make the defendant liable to plaintiff for the amount of the specific sum.

I am authorized to say that Mr. Justice Marshall joins in this dissent.